IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZEIKOS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>WALGREEN CO.,<br><br>    Defendant. | Case No. 1:23-cv-00303<br><br>Hon. Virginia M. Kendall<br><br>Magistrate Judge Keri L. Holleb Hotaling |

**WALGREEN CO.'S OPPOSED MOTION TO COMPEL ZEIKOS, INC. TO PRODUCE A PROPER RULE 30(b)(6) WITNESS AND FOR SANCTIONS**

Defendant Walgreen Co. ("Walgreens"), by its undersigned counsel, respectfully moves this Court to compel Plaintiff Zeikos, Inc. ("Zeikos") to provide an adequately prepared Rule 30(b)(6) witness and for sanctions.

On September 30, 2024, Zeikos purported to produce a corporate representative who was, it turned out, a lawyer who has known Zeikos' litigation counsel for 15 years but who had never heard of Zeikos until three weeks ago, and who was paid $500 per hour to be a fact witness. Predictably, the witness could only parrot the limited information that Zeikos and its counsel had told him and he could not respond to matters within the deposition topics for which he was not given information. He had no independent or contextual knowledge about any facts at issue. He provided not authoritative testimony but could only relay what he "understood" based on what he had been told. On at least one topic, he admitted he was not comfortable testifying at all and had done nothing to prepare to do so. On another, he admitted he had been given no information by Zeikos but had tried to infer an answer based on his own logic. He could not answer basic questions about the language of the contracts at issue. When he did so, his testimony contradicted itself

depending on who asked him the question. When Zeikos' litigation counsel was unhappy with its paid fact witness testimony, they put him on the phone with Zeikos employees during breaks in the deposition and re-questioned him themselves to obtain "reformed" testimony based on what he was told during the breaks. This process and Zeikos' counsel's continuous speaking objections to nearly every question in what was a nearly 8-hour deposition, ending at 7:45 pm Eastern time, on the date of this filing, made a mockery of Rule 30(b)(6). As such, Zeikos is properly compelled to produce a properly prepared, knowledgeable and authoritative witness, in Chicago next time, at its expense.

Walgreens seeks one week to file a memorandum in support of this motion wherein it will provide a transcript and specify the topics for which additional testimony from a properly prepared witness is necessary. Walgreens further seeks attorney's fees and transcript costs for that second deposition.

**WHEREFORE**, Walgreens moves for an order:

a. Granting Walgreens to October 7, 2024 to file its memorandum in support of this motion;

b. Requiring Zeikos to provide a corporate representative witness that is adequately prepared to testify on topics identified in that Memorandum;

c. Awarding sanctions to Walgreens and against Zeikos in the form of attorney's fees and costs to take another corporate representative deposition in Chicago; and

d. Providing such other and further relief as the Court may deem proper.

Dated: September 30, 2024

                     **WALGREEN CO.**

                     By:    /s/ Robert M. Andalman
                            One of its Attorneys

Robert M. Andalman (ARDC No. 6209454)
Rachael Blackburn (ARDC No. 6277142)
William Norman (ARDC No. 6335298)
**A&G LAW LLC**
542 South Dearborn, 10th Floor
Chicago, IL 60605
Telephone: (312) 348-7629
Facsimile: (312) 341-0700
randalman@aandglaw.com
rblackburn@aandglaw.com
wnorman@aandglaw.com

## CERTIFICATE OF SERVICE

I, Robert M. Andalman, hereby certify that on September 30, 2024 I caused to be electronically filed the foregoing **WALGREEN CO.'S OPPOSED MOTION TO COMPEL ZEIKOS, INC. TO PRODUCE A PROPER RULE 30(b)(6) WITNESS AND FOR SANCTIONS**, true and correct copies of which will be served via the Court's EF/ECM system on all parties of record.

    /s/ Robert M. Andalman