THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZEIKOS INC. | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 23 C 303 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| WALGREEN CO. | ) | |
| | ) | |
| *Defendant*. | ) | |

## OPINION AND ORDER

On August 22, 2024, Magistrate Judge Keri L. Holleb Hotaling denied Plaintiff Zeikos, Inc.'s Motion to Compel testimony from Defendant Walgreen Co. (Dkt. 181). Now, Zeikos has filed an Objection to the Magistrate Judge's Order denying its motion. (Dkt. 186). For the following reasons, Zeikos's Objection [186] is overruled.

## BACKGROUND

The underlying dispute in this case arises from a business deal between Zeikos and Walgreen that soured. Since 2011, Zeikos, an electronics company, and Walgreen have had a business relationship. (Dkt. 104 at 4). In 2019, two senior Zeikos officials met with Albert Gehrke, the Walgreen's electronics accessories buyer, to discuss a new deal. (Dkt. 1 ¶ 12). Gehrke allegedly represented to the Zeikos officials that in the prior year Walgreen had sold between $80,000,000 and $100,000,000 in merchandise from companies that placed products in the "Premium Space" of Walgreen's stores—areas highly trafficked by customers such as the shelves near the cash registers. (*Id.*) Not long after the meeting, the two companies executed a contract ("the Product Placement Agreement"), in which Zeikos agreed to pay Walgreen $9,000,000 for Walgreen to place Zeikos merchandise in the Premium Space of Walgreen's stores. (Dkt. 104 at 53).

Soon after they signed the agreement, Zeikos and Walgreen's relationship deteriorated, when Zeikos raised concerns based on Walgreen's sales projections for Zeikos products. (*Id.* at 1). In 2021, Zeikos brought an action against Walgreen for breach of contract. (*See generally* Dkt. 1). By June 2023, Zeikos had filed a Third Amended Complaint. (*See generally* Dkt. 105). Among other allegations, Zeikos brought a fraud claim, alleging that Gehrke's representations about the prior year's sales of Premium Space merchandise were not true and that Zeikos had relied upon the truth of Gehrke's statements when it contracted with Walgreen. (Dkt. 193 at 2). Zeikos also alleged that Gehrke made incriminating statements in a phone call with Zeikos on February 12, 2020. (Dkt. 186 at 1). Without Gehrke's knowledge, Zeikos had recorded the phone call in question. (Dkt. 193 at 3). Zeikos did not disclose the existence of the recording until February 2023. (*Id.*)

In May 2024, Zeikos noticed a Rule 30(b)(6) deposition, seeking the identities of any Walgreen official who "learned of the substance" of the February 12 call and the "actions taken" by these officials "concerning Walgreen's employment of [] Gehrke." (Dkt. 186 at 2). After Walgreen objected, Zeikos filed a Motion to Compel in July 2024. (*Id.* at 6). On August 22, 2024, Magistrate Judge Holleb Hotaling (i) ruled that the February 2020 recorded phone call between the Zeikos and Walgreen officials could not be admitted as evidence because the recording was illegal; and (ii) denied Zeikos's Motion to Compel Walgreen to provide Rule 30(b)(6) testimony on the two topics described above. (Dkt. 181 at 1). In her order, Judge Holleb Hotaling found that because the recording of the phone call violated the Illinois Eavesdropping Act, 720 ILCS 5/14-2, it was inadmissible. (Dkt. 181 at 2). Judge Holleb Hotaling also found that Zeikos's requested testimony was irrelevant, not proportional to the needs of the case, and would likely violate

Walgreen's attorney-client privilege. (*Id.*) Pursuant to Rule 72, Zeikos now objects to Judge Holleb Hotaling's ruling (Dkt. 186 at 2).

## LEGAL STANDARD

Section 636(b)(1)(A) of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) govern this Court's review of non-dispositive magistrate judge decisions. *See* 28 U.S.C. § 636(b)(1)(A) (providing that a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) ("The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *see Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988) (finding that for a district court to alter the magistrate court's decision, the decision must be "wrong with the force of a five-week-old, unrefrigerated, dead fish").

## DISCUSSION

### I. Applicability of Illinois Law

Though it was neither raised by the parties nor addressed in the Magistrate Judge's Order, the Court writes briefly to address a threshold question of whether evidence that violates the Illinois Eavesdropping Act (IEA) can be used in a federal proceeding. The Seventh Circuit has established that in federal criminal and administrative proceedings in which federal law governs the outcome of the case, the Illinois Eavesdropping law does not apply. *N.L.R.B. v. Loc. 90, Operative Plasterers & Cement Masons' Int'l Ass'n of U.S. & Canada, AFL-CI*O, 606 F.2d 189,

3

190 (7th Cir. 1979) (finding that in cases "in which federal law supplies the rule of decision" the eavesdropping statute does not apply).

While it appears the Seventh Circuit has not yet addressed the question whether the Act's exclusionary rule applies to claims in which state substantive law governs, as here, the answer follows from the general rule that "federal rather than state law governs the admissibility of evidence in federal diversity cases." *Lovejoy Electronics, Inc. v. O'Berto*, 873 F.2d 1001, 1005 (7th Cir. 1989); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 393 (2010) (when a federal rule "answers the questions in dispute," it governs) (plurality). An exception applies, however, when the state rules are "substantive rules masquerading as evidence rules." *Lovejoy*, 873 F.2d at 1005. This exception applies when the state procedural law is "so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy." *Shady Grove*, 559 U.S. at 428 (Stevens, J., concurring in part and concurring in the judgment) (citations omitted). In such scenarios, the state law is not preempted. This exception applies to state procedural rules, like the Illinois exclusionary rule at issue here, that "make it significantly more difficult to bring or to prove a claim[.]" *Shady Grove*, 559 U.S. at 419–20 (Stevens, J., concurring in part and concurring in the judgment).

Here, the provision of the IEA, which bars evidence obtained through eavesdropping, is sufficiently substantive and therefore applies to this proceeding. Furthermore, the Act's exclusionary rule substantive nature is clear from its purpose of "deter[ring] police misconduct" and "preserv[ing] judicial integrity." *People v. Rodriguez*, 313 Ill. App. 3d 877, 886 (Ill. Ct. App. 2000). This purpose is concerned with the " 'channeling of behavior outside the courtroom.' " *Glinski v. City of Chicago*, 2002 WL 113884, at *5 (N.D. Ill. Jan. 29, 2002) (quoting *Barron v. Ford Motor Co. of Canada*, 965 F.2d 195, 199 (7th Cir. 1992)). Therefore, though the Magistrate

4

Judge did not discuss this in her order, the Court determines that the Act's exclusionary rule is substantive and therefore, applies here.

The Court next considers Zeikos's primary objection that: (i) the February 2020 phone call violates the Illinois Eavesdropping Act; and (ii) the testimony sought is irrelevant, not proportional to the needs of the case, and would violate attorney-client privilege. Because the Judge Holleb Hotaling's rulings were not clearly erroneous or contrary to law, the Court overrules Zeikos's Objection.

## II.     Illinois Eavesdropping Act

Zeikos first argues that the Judge Holleb Hotaling "lacked jurisdiction" to rule on whether the recorded phone call violated the IEA. (Dkt. 186 at 7). Section 636(b)(1)(A) provides that a magistrate judge can hear and determine any pretrial matter besides the eight statutorily excepted motions, which are not relevant here. 28 U.S.C. In a ruling on discovery issues, the magistrate judge has broad discretion. *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016) (writing that when "the district judge rules on a discovery matter based on an appeal from a magistrate judge's decision, the judge's discretion is constrained [, such that a] district judge may reverse a magistrate judge's discovery ruling only when it is 'clearly erroneous or contrary to law' ") (quoting § 636(b)(1)(A)).

Judge Holleb Hotaling's ruling on a motion to compel falls squarely within the bounds of her authority to supervise discovery. The plain language of the eavesdropping statute—which the Judge points out in her order—states that evidence obtained in violation of the Act is inadmissible in a court proceeding. 720 ILCS 5/14-5. Thus, in making the ruling, Judge Holleb Hotaling merely exercised her authority to supervise discovery and followed the Act: Zeikos raised the issue of the recording's legality in its Motion to Compel, and Judge Holleb Hotaling found the evidence

5

violated the Act and was therefore inadmissible. (Dkt. 166 at 12). Accordingly, Judge Holleb Hotaling had jurisdiction to deny the Motion. This Court, then, may sustain Zeikos's Objection only if the Court finds that her ruling is "clearly erroneous or contrary to law." *Hassebrock*, 815 F.3d at 340.

The Magistrate Judge's ruling that the February 2020 recording violates the Act is supported by the statute's plain language and relevant caselaw. (*See* Dkt. 181 at 2). The Act prohibits a person from knowingly and intentionally using "an eavesdropping device, in a surreptitious manner, for the purpose of overhearing, transmitting, or recording all or any part of any private conversation to which he or she is not a party unless he or she does so with the consent of all of the parties to the private conversation" 720 ILCS 5/14-2(a)(1). The Act defines the use of an eavesdropping device in a "surreptitious manner" as the hidden use of an eavesdropping device for the purpose of overhearing, transmission, or recording such that any such overhearing, transmission or recording would be "obtained or made by stealth or deception, or executed through secrecy or concealment." 720 ILCS 5/14-1(g). The Act protects only conversations where one has a reasonable expectation of privacy. *Am. C.L. Union of Illinois v. Alvarez*, 679 F.3d 583, 587 (7th Cir. 2012) (explaining that consent to surveillance can be inferred but only when such implied consent is knowing). To determine whether one has a reasonable expectation of privacy, courts consider whether a person exhibited a subjective expectation of privacy and whether society is prepared to recognize that expectation as reasonable. *United States v. Sawyer*, 929 F.3d 497, 499 (7th Cir. 2019); *see also Narducci v. Moore*, 572 F.3d 313, 322 (7th Cir. 2009) (ruling that government employees have a reasonable expectation of privacy while on the phone at work).

Here, Zeikos recorded Gehrke in the exact manner that the Act prohibits. Without Gehrke's knowledge or consent, Zeikos officials used an eavesdropping device to record their phone

6

conversation with him. (Dkt. 193 at 3). Given that Gehrke was discussing details of a Walgreen contract during the call, it is very possible he reasonably expected the conversation would remain private. (Dkt. 193 at 2–3). Zeikos argues that the holding in *Cook Au Vin, LLC v. Mid-Century Ins. Co.* shows Gehrke's expectation of privacy was not reasonable. 226 N.E.3d 694, 703 ¶ 35 (Ill. App. Ct. 2023). But Zeikos's reliance on *Cook Au Vin* is misplaced. Whereas in that case, the court found that there is no reasonable expectation of privacy when someone openly records another by announcing they are recording the call; here, the record does not indicate that Gehrke knew that the Zeikos officials were recording him. (Dkt. 193 at 2–3).

Additionally, the facts in *Carroll v. Lynch*—a case dealing with the Act's crime exception which Zeikos also cites —are very different from the facts at issue here. 698 F.3d 561, 562 (7th Cir. 2012). In *Carroll*, the court found that a recording was lawful under the Act because the woman who was recording feared a crime would be committed. 698 F.3d at 566. (determining that the recording at issue was exempted because the woman "feared the caller might vandalize her home that night"). Unlike in *Carroll*, where the woman's justifiable worry about a crime exempted it from the statute, here, Plaintiff points to no specific evidence, which indicates the Zeikos officials recorded the February 2020 phone call because they believed Gehrke was committing a crime. Accordingly, Judge Holleb Hotaling's ruling that the recording violates the Illinois Eavesdropping Act was well-founded.

### III. Relevance, Proportionality, and Attorney-Client Privilege

With respect to Judge Holleb Hotaling's reasoning on relevance, attorney-client privilege, and proportionality, the Judge provides more than enough analysis to demonstrate that her decision was not "clearly erroneous or contrary to law." § 636(b)(1)(A). "[T]estimony is relevant as long as it 'has any tendency to make a fact more or less probable' than it would otherwise be." *Stollings*

7

*v. Ryobi Techs., Inc.*, 725 F.3d 753, 768 (7th Cir. 2013) (citations omitted). Leaving aside that testimony derived from recordings violates the eavesdropping law and are thus excluded, *People v. Gervasi*, 434 N.E.2d 1112, 1115 (1982) (explaining that "the fruit of the poisonous tree doctrine was expressly included in our eavesdropping statute by the legislature"); *see also Glinski v. City of Chicago*, No. 99 C 3063, 2002 WL 113884, at *7 (N.D. Ill. Jan. 29, 2002), nothing in the record indicates that the recording *itself* is relevant to Plaintiff's fraud claim. Therefore, the Judge's reasoning that a Walgreen corporate representative's reaction to such a recording is likely irrelevant is logical and not clearly erroneous.

As to Zeikos's discovery argument which is less than half a page long and lacking any caselaw, Zeikos recommends Walgreen "follow the chain of information" to fulfill its discovery request. (Dkt. 186 at 13). The issue, of course, which the Magistrate Judge identifies is that discovery requests must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); (Dkt. 181 at 2); *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003), as amended (May 22, 2003) (explaining that district courts have enormous discretion to curtail expense and intrusiveness of discovery); *see also Alicea v. Cnty. of Cook*, 88 F.4th 1209, 1218 (7th Cir. 2023) (underscoring the district court's "broad discretion" to allow magistrate judges to oversee discovery disputes, including ruling on motions to compel).

Judge Holleb Hotaling had discretion to determine whether the testimony sought was proportional under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1). As Walgreen points out, Plaintiff's request could require hundreds of executives to give testimony. (Dkt. 193 at 15). This would require Walgreen to spend resources tracking down any executive with knowledge of the recorded phone call. Judge Holleb Hotaling's denial of Zeikos's Motion on the ground that the discovery

8

request is not proportional to the needs of the case was thus not clearly erroneous or contrary to law. (Dkt. 181 at 2).

With respect to attorney-client privilege, Zeikos relies mostly on one opinion in which a magistrate judge admonished a litigant who provided vague privilege logs, then frivolously invoked attorney-client privilege, wasting judicial resources in the process. *Motorola Sols., Inc. v. Hytera Commc'ns Corp*, No. 17 C 1973, 2018 WL 1281393, at *1 (N.D. Ill. Jan. 10, 2018). Walgreen did nothing so frivolous. As Judge Holleb Hotaling rightly underscores, because Zeikos only revealed the recording to Walgreen three years into the litigation, Walgreen's counsel likely would have been present when and if any Walgreen corporate representative heard it. (Dkt. 181 at 2). Therefore, disclosure of the requested material would likely violate attorney-client privilege.

## CONCLUSION

Reviewing Magistrate Judge Holleb Hotaling's decision under a "clear error" standard, this Court finds that the Judge made no definitive mistake. Defendant's Objection [186] to Magistrate Judge Holleb Hotaling's decision is overruled.

_____
Virginia M. Kendall
United States District Judge

Date: November 6, 2024