IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZEIKOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WALGREEN CO., <br><br> Defendant. | Case No. 1:23-cv-00303 <br><br> Hon. Virginia M. Kendall <br><br> Magistrate Judge Keri L. Holleb Hotaling |

**WALGREEN CO.'S MOTION PURSUANT TO LOCAL RULE 56.1(F) TO FILE A RESPONSE TO ZEIKOS, INC.'S LOCAL RULE 56.1(C)(2) SUBMISSION**

Walgreen Co. ("Walgreens"), hereby moves pursuant to Local Rule 56.1(f) for permission to file a response to the Rule 56.1(c)(2) submission made by Zeikos, Inc. ("Zeikos") in support of Zeikos' motion for partial summary judgment. Zeikos' 56.1(c)(2) submission is 37 pages long and is both highly unusual and contrary to this Court's rule that such submissions "may not assert legal arguments" and that "[i]f a party contends that its opponent has included objectionable or immaterial evidence or argument in a LR 56.1 submission, the party's argument that the offending material should not be considered should be included in its response or reply brief." *See* L.R. 56(e)(2). Zeikos' submission includes page-after-page of legal argument – sometimes proceeding for five or six pages in response to a single-sentence statement of fact. The submission includes multiple sections that argue contract construction, cites case-law, and invokes legal arguments nowhere addressed in the briefs. Walgreens is properly afforded an opportunity to respond to these attempts to introduce additional briefing and new issues under the guise of Rule 56.1(c)(2). This is precisely the circumstance in which permission is properly given to respond to such a submission, as provided in Rule 56.1(f). In further support, Walgreens states as follows:

1. The point of Rule 56.1 statements of undisputed fact, and responses thereto, is to clearly put before the Court specific factual statements and to identify any record evidence that either supports or negates those facts. The rule is clear that "arguments about the reasonableness of inferences to be drawn from cited materials, and other legal arguments" are for memorandum of law and not for statements of undisputed fact or responses to them. *Landry v. Abbott Labs.*, No. 17 CV 8499, 2020 U.S. Dist. LEXIS 63852, at *4 (N.D. Ill. Apr. 13, 2020) (refusing to consider argumentative paragraphs of 56.1 statement); *Phillips v. Quality Terminal Servs., Ltd. Liab. Co.*, 855 F. Supp. 2d 764, 771 (N.D. Ill. 2012) (granting motion to strike because "[o]pinion, suggested inferences, legal arguments and conclusions are not the proper subject matter of a [Local Rule 56.1] statement. Including legal arguments in a [56.1] statement is wholly improper, redundant, unpersuasive and irksome; in short, it advances neither the interests of the parties nor of th[e] court.").

2. Zeikos violates this rule. It purports to dispute multiple factual statements that Walgreens made not based on contrary evidence, but upon argument that Zeikos' interpretation of contract language is superior to Walgreens'. *E.g.* Dkt. 230 at 2, 5, 6, 7, 11, 12, 14, 18, 28. It relies on lengthy "mini-briefs" – some six pages long – that argue Zeikos' interpretation of the evidence and the parties' contract, rather than simply identifying any contrary evidence and reserving argument for its brief, as the rule requires. *See, e.g., id.* at 5-11 (responding to a single sentence statement of fact); *id.* at 11-17 (same). Zeikos repeatedly makes argumentative foundation or other evidentiary objections, often including legal argument and citation to readily distinguishable caselaw. *E.g. id.* at 18, 20-21, 28-29, 36. Zeikos further asks the Court to accept as "undisputed fact" yet another declaration of its litigation counsel (the first has already been subject to a motion to strike, *see* Dkts. 217-18, 221 & 225), including counsel's new but still unfounded attempts to draw

conclusions about what inventory was or was not available to Walgreens' stores. *Id.* at 30, 33, 34 (citing Dunnegan Reply Decl. and Ex. AX, asking the Court to take "judicial notice" of counsel's characterizations of nine massive Excel workbooks).

3. In each of these regards, as Walgreens seeks leave to explain and support, Zeikos violates Rule 56.1 such that the facts set forth in Walgreens' Rule 56.1(b)(3) statement are properly accepted as undisputed.

**WHEREFORE,** Walgreen Co. respectfully requests permission, pursuant to L.R. 56.1(f) to file a response to Zeikos, Inc.'s 56.1(c)(2) submission, such submission to be made within two weeks of the Court's ruling hereon, and for such other relief as the Court deems necessary and just.

Dated: November 18, 2024

                                        Respectfully submitted,

                                        **WALGREEN CO.**

                                        By:    /s/ Robert M. Andalman
                                                   One of its Attorneys

Robert M. Andalman (ARDC No. 6209454)
Rachael Blackburn (ARDC No. 6277142)
William Norman (ARDC No. 6335298)
**A&G LAW LLC**
542 South Dearborn, 10th Floor
Chicago, IL 60605
Telephone: (312) 348-7629
Facsimile: (312) 341-0700

## CERTIFICATE OF SERVICE

I, Robert M. Andalman, hereby certify that on November 18, 2024, I caused to be electronically filed the foregoing **WALGREEN CO.'S MOTION PURSUANT TO LOCAL RULE 56.1(F) TO FILE A RESPONSE TO ZEIKOS, INC.'S LOCAL RULE 56.1(C)(2) SUBMISSION**, a true and correct copy of which will be served via the Court's EF/ECM system on all parties of record.

       /s/ Robert M. Andalman