UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZEIKOS INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-303 |
| | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | Magistrate Judge Keri L. Holleb Hotaling |
| WALGREEN CO. | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court on Defendant Walgreen Co.'s ("Walgreen") motion to compel Plaintiff Zeikos Inc. ("Zeikos") to produce a proper Rule (30(b)(6) witness and for sanctions [Dkt. 198 (unsealed) / Dkt. 202 (sealed)].[1] This matter has been fully briefed, and the Court heard oral arguments on this motion on October 29, 2024 [*see* Dkt. 223]. After careful consideration of the parties' briefs and the arguments presented therein, the arguments presented in open court, and after reviewing the deposition transcript of Mr. Stephen Goldstein [Dkt. 202-6 (sealed)], Defendant's motion is GRANTED.

    Unfortunately, Walgreen's efforts during a 7-hour deposition to obtain information from Mr. Goldstein was largely useless endeavor. Mr. Goldstein possessed virtually no knowledge relevant to the subject matters identified in the Rule 30(b)(6) deposition notice issued by Walgreen Co. *See* R*esolution Trust Corp. v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (ruling that district court properly granted motion for sanctions where two witnesses "possessed no knowledge relevant to the subject matters identified in the Rule 30(b)(6) notice"); *Universal Furniture Int'l, Inc. v. Collezione Europa, USA, Inc.,* 599 F.Supp.2d 648, 653–55 (M.D.N.C. 2009) (holding that party did not satisfy Rule 30(b)(6) obligations where it failed to produce information directly relevant to calculation of damages and specifically referenced in deposition notice). In fact, at one point, Mr. Goldstein even referred to himself as "extremely unprepared….extremely unprepped" to talk about a certain topic listed in the 30(b)(6) deposition notice [Dkt. 202-6, at 307]. This is largely indicative of his testimony as a whole.

    While nothing in the Federal Rules precludes a party from designating an individual wholly unrelated to the corporate entity as their witness, Fed. R. Civ. P. 30(b)(6) (providing that an "organization must designate one or more officers, directors, or managing agents, or designate *other*

---

[1]     No portion of this Order will be filed under seal. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (strongly rebuking district courts for broadly allowing parties to file documents under seal, noting that "it should go without saying that the judge's opinions and orders belong in the public domain"); *Howe v. Speedway LLC*, No. 19-cv-1374, 2024 WL 4346631, at n.1 (N.D. Ill. Sept. 29, 2024) ("the information disclosed in this Opinion cannot be justifiably sealed under the requirements of well-established Circuit law.) (citing *Baxter Int'l v. Abbott Labs*., 297 F.3d 544, 546–47 (7th Cir. 2002); *Leavell*, 220 F.3d at 567-68).

*persons who consent to testify on its behalf*") (emphasis added),[2] that person must be able to testify to the topics noticed in their subpoena/notice of deposition. A corporate party "has a duty to make a good faith, conscientious effort to designate appropriate persons *and to prepare them to testify fully and non-evasively about the subjects*" identified in a Rule 30(b)(6) notice. *Seaga Mfg., Inc. v. Intermatic Mfg. Ltd.*, No. 13-cv-50041, 2013 WL 3672964, at *2 (N.D. Ill. July 12, 2013). "Rule 30(b)(6) imposes a duty upon the named business entity to prepare its selected deponent to adequately testify not only on matters known by the deponent, *but also on subjects that the entity should reasonably know*." *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98-cv-3952, 2000 WL 116082, at *8 (N.D. Ill. Jan. 24, 2000) (emphasis added). "The failure to produce an educated Rule 30(b)(6) designee is tantamount to a failure to appear and warrants the imposition of sanctions under Rule 37(d)," including reasonable expenses (as well as transcript costs) incurred in taking a new deposition. *Hunter v. WirelessPCS Chicago LLC*, No. 18-cv-980, 2021 WL 4621889, at *10 (N.D. Ill. Oct. 5, 2021).; *see also*, *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C.1996) ("[I]nadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings."); *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 303 (3d Cir. 2000) (citing *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 78-79 (S.D.N.Y.1991) ("[*A*] *party* that fails to provide witnesses knowledgeable in the areas requested in a Rule 30(b)(6) notice is likewise subject to sanctions.") (emphasis added); *Thomas v. Hoffmann-LaRoche, Inc.*, 126 F.R.D. 522, 525 (N.D.Miss.1989) ("Sanctions are appropriate when *a party* fails to comply with a request under Rule 30(b)(6) to provide a knowledgeable deponent to testify on behalf of the organization.") (emphasis added)).

While the Court cannot be certain after a reading of the transcript that Walgreen gained *any* useful information from Mr. Goldstein, Walgreen itself "is not asking for a complete do-over of the deposition" [Dkt. 202 at 6]. Rather, Walgreen is seeking to have Zeikos produce a Rule 30(b)(6) witness who can adequately testify as to: Topics 2-4: The Parties Obligations under the Relevant Agreements; Topics 8-9: Zeikos's Finances; Topic 16: The Bases and Calculation of Zeikos's Claimed Damages; and Zeikos's knowledge in general (and in specific about Topics 1, 6, 7, 13) [Dkt. 202 at 6-14]. For the good cause detailed in Walgreen's "Argument B" section of its motion [Dkt. 206], and the good cause the Court itself gleaned by reading Mr. Goldstein's deposition, the Court hereby orders Plaintiff Zeikos to produce a new Rule 30(b)(6) witness, who will sit for the full 7 hours allowed under Federal Rule of Civil Procedure 30(d) and will not be limited to the topics listed in this paragraph. Walgreen may ask the deponent about any topic listed in its Rule 30(b)(6) deposition notice/subpoena.[3] Similarly, the parties should be mindful that "courts addressing depositions of corporate representatives designated pursuant to Rule 30(b)(6) have almost uniformly agreed that the scope of a Rule 30(b)(6) deposition is not limited to the topics listed in the Rule 30(b)(6) notice." *Medline Indus., Inc. v. Wypetech, LLC*, No. 20-cv-4424, 2020 WL 6343089, at *2 (N.D. Ill. Oct. 29, 2020).

---

[2] The Court cannot fathom why Zeikos would choose to produce a wholly unrelated individual as its Rule 30(b)(6) witness, particularly at $500 an hour [Dkt. 202-6 at 14:16-15:5], but that is its right.

[3] Although Zeikos apparently objected to some topics in the Rule 30(b)(6) deposition notice, Zeikos failed to seek a protective order under Rule 26(c) relative to any of those deposition topics. *See*, *e.g.*, *Veroblue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 WL 1644442, at *5 (N.D. Tex. May 23, 2022) ("when a party finds deposition topics objectionable, seeking a protective order under Rule 26(c) is the proper method of obtaining protection from Rule 30(b)(6)'s requirement that the organization designate a witness to testify as to the noticed topics"). Zeikos has waived these objections as to the new Rule 30(b)(6) witness it must present.

Not only has the Court ordered Zeikos to produce a new, adequately prepared Rule 30(b)(6) witness, but the Court must also note the improper, obstructionist conduct of Zeikos's counsel during the deposition and must caution counsel against the same at this second Rule 30(b)(6) deposition. Zeikos's counsel made roughly 300 objections during Mr. Goldstein's deposition [Dkt 202-6]. The objections' numerosity alone might be enough to be considered obstructionist, but upon review of them in the full context of the deposition, the Court notes it would fail to sustain about 90% of them.

Counsel for Zeikos is also cautioned about making improper objections to the form of a question. In federal court, "object to form" challenges the way a question is asked, rather than the question itself. It is used to prevent witnesses from being misled by unclear or improperly structured questions. Commonly, the form objection is used to object to questions that are compound, vague, leading, or speculative, etc. Most of Zeikos's counsel's objections to form during Mr. Goldstein's deposition seem to be made as a kneejerk reaction to a question she didn't like versus one that was unclear or improperly structured. Based on the relatively straightforward questions asked by Walgreen's counsel of Mr. Goldstein, the Court cautions Zeikos's counsel to employ this objection properly at the second Rule 30(b)(6) deposition.

Additionally, objections to lack of foundation are not proper where no personal knowledge is required, as is in a Rule 30(b)(6) deposition where the deponent testifies about the corporation's knowledge. A Rule 30(b)(6) deposition is about collective corporate knowledge, not personal knowledge. The text of the rule confirms the point – the witness testifies about information "known or reasonably available to the *organization*," not the witness. *See* Fed. R. Civ. P. 30(b)(6) (emphasis added). Rather, "the witness gains knowledge by preparing before the deposition, and then answers questions at deposition based on the corporate knowledge of the entity itself." *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, No. 11-cv-8808, 2023 WL 5647204, at *8 (N.D. Ill. Aug. 31, 2023).[4]

Additionally, long speaking objections are further improper and properly subject to sanction. *Johnson v. Statewide Investigative Servs., Inc.*, No. 20-cv1514, 2021 WL 825653, at *7 (N.D. Ill. Mar. 4, 2021) (admonishing counsel for "engaging in a speaking objection."); *Medline*, 2020 WL 6343089, at *4 (discussing and imposing sanctions for lengthy, suggestive, and disruptive objections). Not only are such speaking objections *de facto* improper, but they are particularly egregious when the deponent is an attorney, as Mr. Goldstein is here. In general, while a non-attorney witness may not pick up on the subtle messaging counsel may be trying to impart to his client concerning a given question to which he has objected, a deponent who is himself an attorney is understandably more versed in understanding how to couch a particular answer after a specking objection has been made. Counsel is admonished to comply with Federal Rule of Civil Procedure 30(c)(2), which provides that "objection[s] must be stated concisely in a nonargumentative and nonsuggestive manner."

Finally, the Court points out the impropriety of Zeikos attempting to "educate" the witness

---

[4] The Court highlights but one striking example here of how Mr. Goldstein was not prepared to provide Zeikos's corporate knowledge: when questioned about the meaning of a particular contractual provision between the parties, Mr. Goldstein first answers that the provision could essentially mean X or the opposite of X [Dkt. 202-6 at 43:3-44:4], and then when pressed as to what *Zeikos* understood the provision to mean, Mr. Goldstein defers that the question is more appropriately directed to "the person, the CEO, the person who signed the contract…I didn't negotiate this. I wasn't involved in the discussions" [Dkt. 202-6 at 44:18-45:15]. Ultimately, Mr. Goldstein concedes he does not "know how Zeikos interpreted the language" of the contractual provision [Dkt. 202-6 at 46:6-10]. The type of testimony Walgreen's sought in this example is the epitome of the type of testimony one would expect to receive from a Rule 30(b)(6) witness, yet Walgreen was unable to obtain this knowledge from Mr. Goldstein.

*during* his deposition, as was done here with Mr. Goldstein. At the end of the deposition, Walgreen discovered that during two breaks in the deposition, Mr. Goldstein, at the direction of Zeikos's counsel, had telephone calls with key individuals at Zeikos in an attempt to gain the knowledge he needed to answer certain questions a Rule 30(b)(6) corporate witness would normally be expected to answer [*see* Dkt. 202-6 at 304:19-305:14]. Unfortunately for Zeikos (and for all the poor souls involved in this fruitless endeavor of a deposition) "[a]n attorney's duty to prepare corporate representatives for a Rule 30(b)(6) deposition (or to prepare any witness for a deposition for that matter) takes place *before the deposition begins*…Once the deposition has begun, the preparation period is over." *Medline*, 2020 WL 6343089, at *3. On this point, courts have described the degree of preparation required of attorneys in preparing a Rule 30(b)(6) witness as requiring "considerable effort," as such a witness must be able to "answer fully, completely, and unevasively the questions posed by the deposing party." *Id*. at *3 and n.4 (citation omitted); *Seaga Mfg*, 2013 WL 3672964, at *2. The Court does not feel Mr. Goldstein's performance was indicative of even adequate preparation of a corporate witness required under Rule 30(b)(6).

As to monetary sanctions, "Rule 30(d)(2) authorizes courts to impose appropriate sanctions on any person who impedes, delays, or frustrates the fair examination of the deponent." *Medline*, 2020 WL 6343089, at *4 (*citing*, *inter alia*, *Sec. Nat. Bank of Sioux City, IA v. Jones Day*, 800 F.3d 936, 942 (8th Cir. 2015)). "This rule is meant to authorize courts to 'impose the costs resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction.'" *Medline*, 2020 WL 6343089, at *4 (citation omitted) (referencing Fed.R.Civ.P. 30(d)(2) advisory committee notes). Under Rule 30(d)(2), this Court[5] has the discretion to impose an appropriate sanction on account of the improper conduct (*i.e.*, both the unprepared witness and the improper objections) during the Rule 30(b)(6) deposition.[6] *Id*.

Thus, in addition to producing a new properly-prepared Rule 30(b)(6) witness for a second deposition, the Court finds an award to Walgreen of its reasonable expenses incurred in connection with the deposition of Mr. Goldstein, including the transcription fees, to be an appropriate sanction under the circumstances here. *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019) ("[s]anctions…must be proportionate to the circumstances") (citations omitted); *see also, e.g.*, *Aldridge v. Lake Cnty. Sheriff's Off*., No. 11-cv-3041, 2012 WL 3023340, at *6 (N.D. Ill. July 24, 2012) (awarding same sanction). Because it has not made a specific bad faith finding, the Court declines to award attorneys' fees in connection with the instant motion. *See Smith v. Experian Info. Sols., Inc*., No. 22-cv-6825, 2023 WL 9169673, at *3 (N.D. Ill. Dec. 22, 2023) (citing *REXA, Inc. v. Chester*, 42 F.4th 652, 671 (7th Cir. 2022). However, other sanctions may be ordered if warranted in the future. By December 3, 2024, Walgreen's counsel shall provide Zeikos's counsel an invoice for the costs it incurred as described in this paragraph. If it has no disagreement, Zeikos shall pay the invoice within 7 days of receipt of Walgreen's invoice. If the parties cannot reach agreement, by

---

[5] Contrary to Zeikos's questionable assertion (relying on outdated case law) that this Court is unable to award monetary sanctions and must instead draft a report and recommendation for the district judge, an award of monetary sanctions is *expressly* within the authority of a magistrate judge as sanctions are in no way dispositive of a party's claim or defense. The parties are directed to *Cage v. Harper*, No. 17-cv-7621, 2020 WL 1248685, at *5 (N.D. Ill. Mar. 16, 2020) for Judge Harjani's exceptionally thorough analysis of this exact issue.

[6] While the Court may appropriately sanction the party or its counsel responsible for the sanctionable conduct, the Court leaves it up to Zeikos's counsel to discuss with its client the proper division of this sanction against them. Although the Court is certain Zeikos's counsel was responsible for the objections that hindered the deposition testimony here, the Court cannot ascertain who chose Mr. Goldstein as a witness or failed to prepare him adequately.

December 30, 2024 Walgreen shall file a petition to recover the costs it seeks to recover that is supported by appropriate documentation; Zeikos may file a response by January 10, 2025; the Court does not expect it will need a reply but will order one if it so requires; the Court expects to rule via CM/ECF.

      In summation, Defendant Walgreen's motion to compel Plaintiff Zeikos to produce a proper Rule 30(b)(6) witness and for sanctions [Dkt. 198 (unsealed) / Dkt. 202 (sealed)] is GRANTED as detailed herein. The parties are ordered to meet and confer to select a mutually convenient date for Zeikos's second Rule 30(b)(6) deposition so that the deposition can be **completed prior to December 20, 2024**. The Court is confident the conduct discussed above will not recur during the newly-ordered Rule 30(b)(6) witness deposition.

ENTERED: November 20, 2024                                              Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge