UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZEIKOS, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 23 C 303 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| WALGREEN, CO., | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Zeikos, Inc. ("Zeikos"), an importer-distributor of electronic accessories, sued Defendant Walgreen, Co. ("Walgreen"), a subsidiary of the retail pharmacy company Walgreens Boots Alliance, Inc. ("WBA"), after the parties' 2019 business dealings broke down. The matter was referred to Magistrate Judge Holleb Hotaling for discovery motions and supervision. After Magistrate Judge Holleb Hotaling's denied Zeikos's motion to compel the deposition of a corporate representative, Zeiko's appealed that denial. For the reasons below, the Court overrules Zeikos's Objection to the Magistrate Judge's order [273].

**LEGAL STANDARD**

Section 636(b)(1)(A) of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) govern this Court's review of non-dispositive magistrate judge decisions. *See* 28 U.S.C. § 636(b)(1)(A) (providing that a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); *see also Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016); *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014); *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Typical nondispositive discovery orders fall under Rule 72(a), and, therefore, the magistrate judge's

decision is overturned only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see, e.g.*, *Nance v. City of Elgin*, 2010 WL 2757164, at *1 (N.D. Ill. July 12, 2010).

As applied to a magistrate judge's factual findings, the clearly erroneous standard holds that "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). A trial court's "choice between two permissible views of evidence cannot be considered clearly erroneous." *Thornton v. Brown*, 47 F.3d 194, 196–97 (7th Cir.1995) (defining "clearly erroneous" for Fed. R. Civ. P. 52(a) analysis). The "high hurdle" of the standard avoids the downstream consequences of handing parties "a second chance to argue discovery disputes already decided." *JPMorgan Chase Bank, N.A. v. MAL Corp.*, 2009 WL 10739100, at *2 (N.D. Ill. Oct. 30, 2009) (internal citation omitted).

## DISCUSSION

Zeikos objects to the Magistrate Judge's order, (Dkt. 271), denying its motion to compel additional Rule 30(b)(6) testimony from Walgreen's corporate representative Heather Hughes. (Dkt. 253 (sealed); Dkt. 254 (unsealed)). Zeikos argues that the order is clearly erroneous because Walgreens failed to provide sufficient Rule 30(b)(6) testimony and Walgreen's counsel's conduct was improper. (Dkt. 273 at 2). Zeikos also contends that it was improper for Judge Holleb Hotaling to base her order, in part, on Zeikos's failure to cite any case law in support of its motion to compel. (*Id.*)[1]

---

[1] Zeikos also alleges that the Magistrate Judge applied "polar opposite standards for compelling further testimony under Rule 30(b)(6)" to its Motion compared to an earlier dispute regarding Zeikos's 30(b)(6) witness but does not identify the legal relevance of this assertion. (Dkt. 273 at 2).

2

I. **The Magistrate Judge's Order**

As a threshold matter, the Court must address the issue of whether Judge Holleb Hotaling's order sufficiently explained its reasoning. Zeikos asserts that it is "difficult" to address the Magistrate Judge's analysis because she cited Walgreen's brief to justify her ruling. (Dkt. 273 at 8). The Magistrate Judge's order denying Zeikos's motion to compel reads as follows:

> This matter coming before the Court on Plaintiff Zeikos's opposed motion to compel additional Rule 30(b)(6) testimony [Dkt 253 (sealed) / Dkt. 254 (unsealed)], that motion is DENIED for the reasons enumerated in Defendant Walgreen Co's response in opposition [Dkt. 264 at 4-15 (sealed) / Dkt. 265 at 4-15 (unsealed)] (and notably its citation to *Bergstrom Inc. v. Glacier Bay, Inc.*, 2010 WL 3516190 (N.D. Ill. Aug. 31, 2010) and *Catenacci v. Lightfoot*, 2022 WL 888383 (N.D. Ill. Jan. 24, 2022) as well as the fact Zeikos failed to cite any case law in the entirety of its motion in support of any of its arguments (see in particular the case law cited at [Dkt. 264 at 9 (sealed) / Dkt. 265 at 9 (unsealed)]).

(Dkt. 271) (citations modified).

Though Judge Holleb Hotaling's order is sparse, brevity alone does not amount to insufficient reasoning as a matter of law. *See, e.g.*, *Am. Hardware Mfrs. Ass'n v. Reed Elsevier Inc.*, 2007 WL 1610455, at *5 (N.D. Ill. Feb. 13, 2007) (citing *American Dental Ass'n Health Foundation v. Bisco, Inc.,* 1992 WL 107299, *3 (N.D. Ill. 1992)) ("[A] magistrate judge's failure to articulate his or her reasoning is, by itself, insufficient to require a remand, especially when there is no evidence that the analysis was conducted in anything but a careful manner[.]"). Here, the Magistrate Judge provided case law and docket citations representing her analysis. Accordingly, the Court will assess whether Judge Holleb Hotaling's order, understood as incorporating the factual contentions and legal arguments in Walgreen's brief as its own factual findings and legal conclusions, is clearly erroneous or contrary to law.

II. **Adequacy of Rule 30(b)(6) Testimony**

The next issue is whether Walgreen's Rule 30(b)(6) testimony was sufficient. Walgreen produced as its 30(b)(6) witness Heather Hughes, Group Vice President, General Merchandise

Manager. (Dkt. 264 at 3 (sealed); Dkt. 265 at 3 (unsealed)). Hughes sat for an individual deposition on April 22, 2024, and for her 30(b)(6) testimony on December 5, 2024. (Ex. 4, Dkt. 284-4 at 5:1–13 (Hughes Tr.)). In early 2025, Zeikos moved to compel additional Rule 30(b)(6) testimony from Walgreen. (Dkt. 253 (sealed); Dkt. 254 (unsealed)). In its motion to compel, Zeikos sought an order requiring Hughes to provide additional Rule 30(b)(6) testimony on three topics. (Dkt. 253 at 3). Despite limiting its request to three topics, Zeikos also argued that Hughes was unprepared to testify on fourteen of the twenty-four topics and that Hughes's testimony was evasive. (Dkt. 253 at 2). On March 5, 2025, Judge Holleb Hotaling denied the motion in full. (Dkt. 271). Zeikos now asserts that Judge Holleb Hotaling's denial of Zeikos's motion was clearly erroneous or contrary to law. (Dkt. 273 at 8).

Rule 30(b)(6) permits a party to name a corporation as a deponent. Fed. R. Civ. P. 30(b)(6). Upon receiving notice of a Rule 30(b)(6) deposition, the named corporation "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" *Id.* During a Rule 30(b)(6) deposition, "[t]he persons designated must testify about information known or reasonably available to the organization." *Id.*; *see Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011). Rule 30(b)(6) depositions are, thus, "substantially different from individual depositions because the witness must be prepared to testify not only regarding matters within his own personal knowledge, but as to matters within the knowledge of the entity as a whole." *Trs. of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, 2023 WL 415542, at *2 (N.D. Ill. Jan. 25, 2023).

As with any deposition, a corporation does not fulfil the 30(b)(6) requirements by simply presenting a witness, but by the quality and substance of that witness's subsequent testimony. The deposing party can move for additional testimony where that standard is not met. Rule 37(a)(3)(B)

4

provides that "[a] party seeking discovery may move for an order compelling an answer . . . [where] a deponent fails to answer a question asked under Rule 30[.]" Fed. R. Civ. P. 37(a)(3)(B); *see also* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete . . . answer, or response must be treated as a failure to . . . answer, or respond."). "When a district court considers a motion to compel, it must evaluate such factors as timeliness, good cause, utility, and materiality." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (noting that a district court may deny a motion to compel deposition testimony "that would not aid in 'the exploration of a material issue.' ") (internal citation omitted).

Even so, a witness's inability to answer specific inquiries does not automatically justify a grant of additional testimony. Rule 30(b)(6) depositions are "not designed to be a memory contest." *Seaga Mfg., Inc. v. Intermatic Mfg. Ltd.*, 2013 WL 3672964, at *2 (N.D. Ill. July 12, 2013). The designated Rule 30(b)(6) witness need not be the "most knowledgeable witness," but rather must be competent to testify about information "known or reasonably available to the corporation." *Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Dr. Condo. Ass'n*, 2002 WL 356483, at *7 (N.D. Ill. Mar. 5, 2002).

Walgreen and Zeikos offer different views on the thoroughness of discovery obtained from Hughes's deposition. Zeikos provides multiple transcript references where Hughes's testimony failed to meet Plaintiff's desired specificity. For example, Zeikos notes that Hughes identified "an Excel workbook bearing production number WAG15505" as the "key document" for her preparation, but that Hughes did not know exactly how Walgreen created the document. (Dkt. 273 at 8–9). Zeikos also takes issue with the fact that Hughes did not speak directly with Todd Polarolo, the individual who communicated Walgreen's practice regarding unfulfilled purchase orders to Zeikos, though Zeikos admits that Hughes was able to "generally acknowledge[]" the existence of

the practice. (*Id.* at 10). Walgreen, on the other hand, asserts that Hughes's testimony represented adequate preparation, experience, and knowledge for a 30(b)(6) witness, including direct preparation with numerous Walgreen executives whose decision-making is relevant to the litigation. (Dkt. 284).

The parties also disagree on whether Zeikos's requests for additional information fall within the pre-approved deposition topics—for example, Zeikos argues that Hughes's inability to pinpoint exactly how Walgreen developed certain documents such as the Excel workbook amounts to a failure to meet the scope of the topics. (Dkt. 273 at 8–9). Walgreen, on the other hand, counters that this specific example falls within topics the parties agreed not to cover in the deposition. (Dkt. 284 at 10). But both parties have already been reminded that "courts addressing depositions of corporate representatives designated pursuant to Rule 30(b)(6) have almost uniformly agreed that the scope of a Rule 30(b)(6) deposition is not limited to the topics listed in the Rule 30(b)(6) notice." (Dkt. 236 at 2); *see also Medline Indus., Inc. v. Wypetech, LLC*, 2020 WL 6343089, at *2 (N.D. Ill. Oct. 29, 2020). Thus, the key inquiry is whether, when Hughes's testimony is evaluated in the aggregate, Walgreen satisfied the Rule 30(b)(6) requirement.

Though Hughes was not able to answer specific questions about the production history of the Excel workbook, she testified at length about the substance contained in the workbook, the value of the document's output, her conversations with other Walgreen employees about the workbook, and her own endorsement of its accuracy. (Hughes Tr. 119:7–126:21). "Simply because defendant's witness could not answer every question posed to [her] does not equate to the fact that defendant did not satisfy its obligations to prepare its 30(b)(6) witness." *Georgia-Pac. Consumer Prods. LP v. Kimberly-Clark Corp.*, 749 F. Supp. 2d 787, 802 (N.D. Ill. 2010), *aff'd*, 647 F.3d 723 (7th Cir. 2011) (internal citation omitted). Moreover, while Hughes did not always have the

specific preparatory conversations that Zeikos hoped—such as with Todd Polarolo—overall, her testimony indicates that the conversations she had, as well as her independent preparation, provided her adequate capacity to discuss relevant Walgreens procedures as the company's 30(b)(6) witness. (Hughes Tr. 217:1–221:18). Based on the information before the Court, Judge Holleb Hotaling's denial of the motion to compel additional Rule 30(b)(6) testimony is not clear error.[2]

### III.    Objections & Conduct During Rule 30(b)(6) Deposition

Next is the issue of Walgreen's counsel's conduct during the deposition. In its motion to compel, Zeikos sought an order instructing Walgreen's counsel not to make speaking objections or give improper limiting instructions. (Dkt. 253 at 9). Zeikos argued that Walgreen's counsel obstructed the deposition by interrupting Hughes's testimony with speaking objections and improper instructions for Hughes to limit her responses to certain questions. (Dkt. 253 at 1). On March 5, 2025, Judge Holleb Hotaling denied the motion. (Dkt. 271). Zeikos's Objection argues that the Magistrate Judge's denial of the motion was clearly erroneous or contrary to law. (Dkt. 273 at 8).

#### A. Scope Objections & Instructions to Answer Based Only on Personal Knowledge

As discussed in Section II of this opinion, both parties focus in part on whether Zeikos properly constrained itself to the specific topics listed in the Rule 30(b)(6) notice despite the Magistrate Judge's instruction that the scope of a Rule 30(b)(6) deposition need not be so limited.

---

[2] Zeikos also suggested that the holding in *Bergstrom, Inc. v. Glacier Bay, Inc.*, 2010 WL 3516190 (N.D. Ill. Aug. 31, 2010), referenced in the Magistrate Judge's order, is unsupportive because the magistrate judge in *Bergstrom* required the defendant to certify the testimony of its 30(b)(6) witness as complete in order to assuage the plaintiff's concerns for completeness; here, "Walgreen provided no such certification." (Dkt. 273 at 5). This argument incorrectly construes the *Bergstrom* magistrate judge's specific remedy on those facts as a legal requirement, rather than a discretionary tool of resolution. The Court finds no clear error in Magistrate Judge Holleb Hotaling's decision not to utilize such a certification.

The implications of this confusion carry through to the parties' disagreement over Walgreen's counsel's behavior during the 30(b)(6) deposition. Zeikos agrees with Walgreen's contention that "Walgreen's witness did not need to prepare for questions beyond the scope of the Topics." (Dkt. 273 at 5). Zeikos, however, objects to how Walgreen's counsel dealt with questions he deemed beyond the scope of the topics—namely, his instruction to Walgreen's corporate representative that these responses should be based on her personal knowledge. (*Id.* at 11; Dkt. 253 at 9–14). Zeikos both disagrees with this methodology and argues that Walgreen's counsel improperly utilized it in the face of questions that Zeikos believes fell squarely within preapproved topics. (Dkt. 273 at 11–13).

The sanctity of the 30(b)(6) notice is not so obvious on the face of the rules. Rule 30 explains that the named corporation "*may* set out the matters on which each person designated will testify" while also noting that 30(b)(6) "does not preclude a deposition by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6) (emphasis added). Courts deciding whether the questioning of a Rule 30(b)(6) deponent is limited to those subjects identified in the Rule 30(b)(6) notice have generally found that "matters outside the witness's testimony as a corporate representative may still be the subject of Plaintiff's questions" under the standard theory of relevancy. *See, e.g.*, *First Fin. Bank, N.A. v. Bauknecht*, 2014 WL 949640, at *3 (C.D. Ill. Mar. 11, 2014); *FireBlok IP Holdings, LLC. v. Hilti, Inc.*, 2024 WL 4881355, at *1 (N.D. Ill. July 3, 2024); *Medline Industries, Inc. v. Wypetech, LLC*, 2020 WL 6343089, at *2 (N.D. Ill Oct. 29, 2020); *Am. Gen. Life Ins. Co. v. Billard*, 2010 WL 4367052, *4 (N.D. Iowa Oct. 28, 2010) (collecting cases).

In this vein, the provision in Rule 30(b)(6) that allows the organization to set out the matters on which the representative will testify may be better understood as distinguishing between a

witness as an organization's representative and a witness testifying in their personal capacity. *See Baxter Int'l, Inc. v. Becton, Dickinson & Co.*, 2020 WL 424918, at *13 (N.D. Ill. Jan. 27, 2020) (noting that testimony outside the scope of the 30(b)(6) topics is not "testimony of the corporation but of the individual"); *Medline Indus., Inc. v. Wypetech, LLC*, 2020 WL 6343089, at *2 (N.D. Ill. Oct. 29, 2020) (admonishing an attorney for instructing 30(b)(6) witnesses to not answer questions beyond the deposition scope and directing the parties to distinguish questions answered in a personal capacity); *Falchenberg v. New York State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008), *aff'd*, 338 F. App'x 11 (2d Cir. 2009) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent."); *but see Catenacci v. Lightfoot*, 2022 WL 888383, at *2 (N.D. Ill. Jan. 24, 2022) (finding a 30(b)(6) witness had "no reason . . . to have been prepared to testify" about questions outside the predetermined scope). Regardless, the parties' briefing provided limited case law on the issue of exactly how and when a 30(b)(6) witness's testimony should be designated as separate and apart from the entity it represents. Thus, this Court need not surgically dissect whether certain questions fell squarely within an approved topic and will focus instead on whether Walgreen's counsel appropriately managed the distinction between the witness's corporate and personal testimony.

    Zeikos makes much of the fact that *Medline* states that the company "could have *designated* [its witness's] answers to those questions as testimony in her personal capacity rather than as a corporate representative" versus instructing the witness to state in her answers that certain testimony represented her personal knowledge and not that of the company. (Dkt. 273 at 12 (citing *Medline* at *2 n.3 and adding emphasis)). But what Walgreen's attorney *could* have done is different from what it was compelled to do. Zeikos fails to cite any authority that instructs attorneys

defending a Rule 30(b)(6) deposition on how specifically they are to designate the witness's testimony. So, although Judge Holleb Hotaling's order did not explicitly address the manner in which Walgreen's attorney designated personal capacity testimony, the Court will not disturb the decision, because it was not clear error or contrary to law to conclude that Walgreen's attorney's methodology appropriately distinguished the 30(b)(6) testimony.

### B. Speaking Objections

Zeikos also takes issue with Judge Holleb Hotaling's ruling on Walgreen's speaking objections. Federal Rule of Civil Procedure 30(c)(2) prescribes the proper form of objections during depositions, requiring that "an objection be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). In doing so, Rule 30(c)(2) prohibits so-called speaking objections—those "that are argumentative or that suggest an answer to a witness . . . ." *Specht v. Google, Inc.*, 268 F.R.D. 596, 598 (N.D. Ill. 2010). Zeikos argues that Walgreen's counsel "made over 51 speaking objections or interjections . . . . [that] directly impacted the witness's testimony" (Dkt. 273 at 13). Judge Holleb Hotaling's order, as laid out in the adopted reasoning of Walgreen's brief, refutes the characterization, determining that most of the objections were limited to "object in form," with the remainder in response to "argumentative and repetitive questions" (Dkt. 264 at 14–15 (sealed); Dkt. 265 at 14–15 (unsealed)). Zeikos identifies examples of Walgreen's counsel interjecting to emphasize the witness' ability to characterize her knowledge as specifically personal, or outside the scope of the deposition. Take, for example, the following exchange:

> Q: Now, it's clear to you, isn't it, that Albert [Gehrke] is referring to the saddle fixture as a two-sided fixture, right?
> WALGREEN'S COUNSEL: I'm going to note, again, this is outside the scope of the topic, so you can answer based on your personal knowledge, if you're able to say what Albert was thinking.
> THE WITNESS: I don't know what Albert was thinking.

10

(Hughes Tr. 35:3–11).

In isolation, these interactions could be construed as disruptive of the 30(b)(6) testimony and outside the bounds of a proper objection. Once restored to the context of the full testimony, however, Zeikos's chosen snippets frequently follow significant cumulative and duplicative questioning from Zeikos's counsel. For example, the above exchange comes only after the witness declined to accept Zeikos's lawyer's characterization of the particular design feature twice on her own terms. Zeikos's counsel continued to push for her to accept his characterization of the matter despite repeated disagreement on the issue. (Hughes Tr. 34:6–35:11).

To be sure, constant objections by Walgreen's counsel are unhelpful and usually not necessary. It also lengthens deposition time and generally leads to another task for the judge to clean up before trial. Objections should be placed strategically and not disruptively. Yet, the behavior here is not sufficient to set aside the Magistrate Judge's decision under Rule 72(a). Fed. R. Civ. P. 72(a).

### IV. Legal Support for Zeikos's Motion to Compel

Beyond the perfunctory nature of Judge Holleb Hotaling's order itself, Zeikos also asks the Court to assess whether the Magistrate Judge erroneously relied, in part, on the brevity of Zeikos's own legal arguments in her decision. In denying Zeikos's motion to compel, Judge Holleb Hotaling referenced "the fact Zeikos failed to cite any case law in the entirety of its motion in support of any of its arguments . . . ." (Dkt. 271). Zeikos takes issue with this characterization, identifying its "six citations to the court's prior order and opinion" as substantive case law (Dkt. 273 at 7).

The key inquiry is not whether a party provides specific case law but whether the party performs "the legal research and analysis necessary" to support the party's motion. *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Pathology Lab'ys of Arkansas, P.A.*, 1994 WL 362187,

11

at *10 (N.D. Ill. July 11, 1994). The Court "has no duty to research and construct legal arguments available to a party." *United States v. Black*, 2007 WL 9752034, at *3 (N.D. Ill. Apr. 24, 2007) (internal citation omitted). Zeikos, however, provided the required "substantive argument, legal citations, [and] references to the record." (*Id.* at 3). For some issues, such as those concerning discovery disputes, the applicable federal rule, not case law, may be the most relevant legal authority. In addition to the citations to Judge Holleb Hotaling's prior order discussing the same issues, Zeikos made frequent citations to the governing procedural rules. Thus, this reason, without more, would not be sufficient grounds upon which to deny Zeikos's original motion to compel. Nonetheless, the Magistrate Judge's decision stands on ample ground for the above reasons, and the Court thus declines to set aside.

## CONCLUSION

For the reasons above, the Court overrules Zeikos's Objection [273] to the Magistrate Judge's order granting Walgreen's motion to compel.

_____
Virginia M. Kendall
United States District Judge

Date: September 22, 2025