**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ZEIKOS INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-303 |
| | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | Magistrate Judge Keri L. Holleb Hotaling |
| WALGREEN CO. | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This Report and Recommendation stems from Defendant Walgreen Co.'s ("Walgreen") Motion for Sanctions (the "Motion") [Dkt. 294] arising from Plaintiff Zeikos Inc's ("Zeikos") alleged violation of this Court's Orders to produce a knowledgeable Fed. R. Civ. P. 30(b)(6) corporate representative for deposition on the subject of Zeikos's damages, and Zeikos's alleged attempt to substitute its counsel's script (PX 578) for the witness's testimony. Out of an abundance of caution, the Court is issuing this ruling as a Report and Recommendation because it may not have jurisdiction to rule on this matter because granting the relief recommended herein may have a dispositive effect on the issue of damages in this case.

A little factual background is appropriate here first. On September 30, 2024, Walgreen took a Rule 30(b)(6) deposition of Zeikos's corporate representative. For that deposition, Zeikos proffered an attorney wholly unrelated to the corporate entity as its Rule 30(b)(6) witness, an individual who ultimately "possessed virtually no knowledge relevant to the subject matters identified in the Rule 30(b)(6) deposition notice issued by Walgreen Co." [Dkt. 236.] Upon motion by Walgreen, this Court found that deposition to be a "largely useless endeavor" and sanctioned Zeikos on November 20, 2024, ordering a second Rule 30(b)(6) deposition, including on the bases and calculation of Zeikos's

damages.[1] *Id*. Zeikos objected and, on July 2, 2025, Chief Judge Kendall affirmed this Court's order that Zeikos provide a fully-prepared corporate representative for deposition. [Dkt. 292.]

This second time around, on August 7, 2025, Zeikos produced Lindsey DeFreese, an assistant account manager, as its Rule 30(b)(6) corporate representative. DeFreese testified (like Zeikos's first Rule 30(b)(6) deponent) that she had never been shown Zeikos's Rule 26 disclosures on damages. [Dkt. 296-8 at 233:10-234:5][2] and that prior to her deposition preparation, she had no knowledge about Zeikos's alleged damages. [*Id*. at 235:7-16.] Ms. DeFreese testified that Zeikos's counsel provided her with "factual information to testify" about Zeikos's damages. [*Id*. at 234:16-23.] Ms. DeFreese went on to answer Walgreen's questions about Zeikos's claimed damages. [*Id*. at 235:264:7.] Then, following Walgreen's direct examination of Ms. DeFreese, Zeikos asked Ms. DeFreese to read a 14-page script prepared by its counsel (consuming 25-pages transcript and taking over 30 minutes to read), which was marked as PX 578. [*Id*. at 286:12-14; Dkt. 296-9 (PX 578); *see also* Dkt. 301 at 2 (acknowledging counsel prepared script); Dkt. 296-8 at 281:15-22 ("[Walgreen]: [T]his is gamesmanship and it's inappropriate…You gave this witness a 14-page document, which you're now going to try to use as a substitute for her testimony. [Zeikos]: Yep.").]

Compounding these complications with Ms. DeFreese's deposition is the fact Zeikos's counsel completed an "errata" sheet following the deposition that (as Walgreen argues) attempts to

---

[1]    Not only was Zeikos ordered to provide a witness on this topic [Dkt. 236 (affirmed by Chief Judge Kendall at Dkt. 292)], but Zeikos never objected to the topic prior to the deposition, despite Chief Judge Kendall specifically allowing this type of objection [Dkt. 292]. Zeikos cannot now evade sanctions by arguing the topic of damages was inappropriate for its Rule 30(b)(6) deposition because it "calls for contentions" partly "synthesized" from "an application of the law to the facts." [Dkt. 301 at 1 (*also see*, generally, the entirety of Dkt. 301.] However, seemingly contravening these points in its brief, at oral argument on the Motion, Zeikos's counsel averred that "We don't want to object. We want to disclose to them what our damage theory is." [*See* transcript from October 2, 2015 hearing.] Finally, while Zeikos cites several cases criticizing deposition topics that require legal conclusions [*see* Dkt. 301 at 7], not one of those cases involved the common subject of the bases and calculation of damages which, again, the Court *ordered* here.

[2]    The Court notes that while it sealed the portions of Ms. De Freese's testimony attached as exhibits to the parties' briefs connected with this motion, the basis for that sealing was that the governing confidentiality order entered in this case by the District of New Jersey (where this case was pending before it was transferred to the Northern District of Illinois) forbids public disclosure of deposition testimony for a period of 30 days following receipt of the transcript. [Dkt. 20 at 3, ¶ 6.] The transcript was received on August 22, 2025 and, as it is now past September 21, 2025, the Court will quote any portion of the transcript it sees fit herein, but it will leave the filings on the docket sealed as they also contain otherwise protectable information.

substantively change the testimony Ms. DeFreese gave on direct examination. [*See* Dkt. 306 at 4.] For example, Ms. DeFreese testified that "Walgreens was compliant with 1,181 stores. So it would be the difference between the 5,000 and the 1,181 stores would give you the total number of stores that were not compliant -- non-compliant during that time." [Dkt. 296-8 at 249:17-22.] With the errata sheet, however, Zeikos's counsel attempts to change that testimony to: "Walgreens was compliant with 1,181 stores **months**. So it would be the difference between the 5,000 **45,000** and the 1,181 stores **months** would give you the total number of stores that were not compliant -- non-compliant during that time." [Dkt. 301 at Ex. C. (additions in bold, removed testimony struck).]

In its current motion for sanctions [Dkt. 294], Walgreen argues Zeikos should be sanctioned for having Ms. DeFreese read a counsel-prepared script into the record instead of testifying as to Zeikos's bases and calculation of damages. The Court has reviewed the parties' briefs on the Motion and held a lengthy oral argument on October 2, 2025. It is now ready to rule.

The Court finds Ms. DeFreese's reading of counsel's prepared statement sanctionable. Not only has Zeikos violated this Court's orders that it provide a properly prepared Rule 30(b)(6) witness (*see* Dkt. 236 (affirmed by Chief Judge Kendall at Dkt. 292)), but it also violates Chief Judge Kendall's order striking Zeikos's counsel's affidavit containing the same analysis of Walgreen's sales data because she held counsel could not prepare such "summaries" of documents about which he could not lay a proper foundation. [Dkt. 279 at 5-6.]

"Counsel for the corporate party cannot step in to fill a witness's head with knowledge that is otherwise lacking." *Medline Indus., Inc. v. Wypetech, LLC*, No. 20-cv-4424, 2020 WL 6343089, at *2 (N.D. Ill. Oct. 29, 2020). Rather, "[i]f the deponent lacks knowledge or understanding, then the deponent should say so, [and] not seek understanding or direction about how to answer the question from his or her attorney." *Id*. (citation omitted). "[A] questioning attorney is entitled to have the witness, and the witness alone, answer questions" during a deposition. *Eid v. Greyhound Lines, Inc.*,

No. 04-cv-3220, 2005 WL 8178347, at *4 (N.D. Ill. July 12, 2005) (holding that witness could not speak to his wife during deposition and noting that even communication with counsel during a deposition is "only [allowed] under limited circumstances such as to determine if a privilege applies."); *Vnuk v. Berwick Hosp. Co.*, No. 3:14-cv-01432, 2016 WL 907714, at *5 (M.D. Pa. Mar. 2, 2016) ("[t]here is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers.") (citation omitted).

In this case, Zeikos's counsel did not just "step in to fill a witness's head with knowledge" as *Medline* cautioned against. 2020 WL 6343089, at *2. Rather, Zeikos literally handed its witness a script counsel had written as to matters on which the witness had no knowledge and then had the witness read that script into the record for more than a half hour without being asked a single question. The script used words (like "assigned") which the witness did not know the meaning of. [*See, e.g.*, Dkt. 296-8 at 315:14-316:4.] It was not even the same version of the script counsel had previously shown the witness. [*Id.* at 312:21-313:8.] The Court agrees with Walgreen that the script read by Ms. DeFreese is mostly argument, includes references to unknown documents the witness never saw, and attempts to incorporate and rely upon an analysis of Walgreen's business records by Zeikos's counsel that was explicitly previously stricken by Chief Judge Kendall. This cannot be considered DeFreese's 30(b)(6) "testimony." As the Tenth Circuit has aptly stated: "[a] deposition is not a take home examination." *Burns v. Bd. of County Comm'rs of Jackson County*, 330 F.3d 1275, 1282 (10th Cir. 2003). Nor is it an open book examination as Zeikos has attempted to make it here.

While some cases acknowledge a witness may refer to their own notes during a 30(b)(6) deposition,[3] there is almost no precedent for what Zeikos did here, apart from *In re Neurontin*

---

[3] Notably, here, Ms. DeFreese had dozens of pages of her own handwritten notes with her during the deposition (referring multiple times to the topic of Zeikos's damages) which were marked as an exhibit (Exhibit 577) and provided by Walgreen to the Court at oral argument.

*Antitrust Litig.*, No. CIV.A. 02-1390 FSH, 2011 WL 253434 (D.N.J. Jan. 25, 2011), *aff'd* 2011 WL 2357793 (D.N.J. June 9, 2011), which found this conduct wholly improper. What happened in *Neurontin* is so similar it strikes the Court as absurd that Zeikos adopted it as its playbook rather than the cautionary tale it should have been. In *Neurontin*, the offending party first produced an unknowledgeable Rule 30(b)(6) corporate witness for a deposition, which the court found so insufficient that it ordered a second Rule 30(b)(6) deposition. *Neurontin*, 2011 WL 253434 at *4. The second Rule 30(b)(6) witness in *Neurontin* was to testify about "the factual basis for the off-label use denials in its Answer," *i.e.*, the bases and calculation of its damages (which is analogous to the situation at hand), and "answered" by reading from a 46-page document prepared by counsel. *Id*. at *8. "Although the deponent said he needed [the document] to organize 'his' thoughts," the witness "essentially began reading from the outline to answer questions about specific allegations." *Id*. at *9. The witness had no part in creating the document nor any knowledge of its contents. *Id*. at *10. The *Neurontin* court held this improper because "the use of an outline created entirely by litigation counsel contradicts the purpose of Rule 30(b)(6) and turned the witness here into something even less than 'a mere document-gatherer' and he surely was not a 'live witness[ ] who know[s] or who can reasonably find out what happened in given circumstances.'" *Id*. at *8-10 (citing *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005). Instead, "the outline and conduct of [the offending party's] counsel during the deposition reflect that the corporation and its counsel have inverted their respective roles and duties. The clients are to possess the facts while counsel are to advocate the legal significance of these facts." *Id*. at *10. The *Neurontin* court likened this conduct to circumventing the tenets of Rule 30(b)(6) by having counsel "manufacture the corporation's contentions" rather than having a corporate designee speak on the corporation's behalf. *Id*. at *7, *10 (citing *United States v. Taylor*, 166 F.R.D. 356, 361-62 (M.D.N.C.1996)). Ultimately, the *Neurontin* court found that having the witness "recite counsel's compilation of information…is tantamount to a failure to appear" and thus

5

held that the offending party "violated Rule 30(b)(6) for the second time and [] failed to follow the [court's prior] Orders directing that they produce a witness to provide a factual basis for" the corporation's contentions. *Id*. at 10.

Zeikos primarily relies on *Wausau Underwriters Inc. Co. v. Danfoss, LLC*, 310 F.R.D. 683 (S.D. Fla.) in its opposition to the Motion, although that case is inapposite to the facts here. In *Wausau Underwriters*, a witness referred to her own notes while responding to questions versus just reading a document into the record. *Wausau Underwriters*, 310 F.R.D at 688 (referring to the notes the witness herself brought to the deposition as "her [*i.e.*, the witness's] script/outline", with no suggestion counsel drafted them).[4] In fact, the court went so far as to opine that "[i]deally a corporate witness should have no need for any notes, at all, and there should be no need for clarifications" to their testimony. *Id*. at 689.[5] While the *Wausau Underwriters* court did not impose sanctions, this was likely because, as the court noted, "Plaintiffs raised no objection at the time." *Id*. at 688. By contrast, here Walgreen vigorously objected to Ms. DeFreese's reading of the script (and even placed a call to this Court's chambers during the deposition to see if the Court would make an on-the-spot ruling concerning Walgreen's objections to this conduct).[6] *Wausau Underwriters* cannot save Zeikos from its own bad conduct here.

Nor can Zeikos save itself by claiming that this script was somehow intended be a fourth Rule 26 disclosure, as it was not disclosed before the deposition. *See* Fed. R. Civ. P. 26(e) (requiring initial disclosures be updated "in a timely manner if the party learns that in some material respect the

---

[4] The Court notes that it is troubled by Zeikos's unsupported statement that in *Wausau Underwriters* "counsel had drafted [the notes] and provided [them to] the deponent the day before the deposition" [Dkt. 301 at 10], when there is simply no suggestion that this was the reality in that case.

[5] Zeikos also cites *GlobalTap, LLC v. Petersen Mfg. Co.*, No. 18-cv-5383, 2021 WL 3292261 at *10 (N.D. Ill. July 29, 2021), where the court suggested the corporate witness could have brought notes to his deposition. However, the court did *not* suggest the witness could read a counsel-drafted script. Ultimately, the *GlobalTap* court dismissed the case as a sanction where a Rule 30(b)(6) witness was unprepared to testify on "fundamental aspects of GlobalTap's claims like the damages GlobalTap seeks to recover." *Id*. *GlobalTap* does not help Zeikos here.

[6] It is not the Court's practice to make such rulings, and the Court advised the parties to make their record and bring any appropriate motions following the deposition, as Walgreen has now done. [Dkt. 296-8 at 284:3-285:20.]

disclosure or response is incomplete or incorrect"). This script comes far too late to be considered a timely initial disclosure. Rule 26(a)(4) provides: "Form of Disclosures. Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served." The script was neither signed nor served on Walgreen. Instead, it was presented after 5:30 p.m. in a deposition that began at 9:30 a.m. Zeikos's counsel did not offer the script during the direct examination, when Ms. DeFreese was shown Zeikos's last-served disclosure and said she had not seen it, but had seen some longer document she could not recall (likely the script she ultimately read during Zeikos's "examination"). [Dkt. 296-8 at 233:10-234:8.] Counsel for Walgreen was put at an impermissible disadvantage at this point in Ms. DeFreese's 30(b)(6) deposition and told Zeikos's counsel so. [*Id.* at 237:21-24.] Walgreen has characterized this behavior as Zeikos "playing games" in this litigation [Dkt. 306 at 5], and the Court agrees. If it were truly a disclosure, it would have been disclosed well in advance of this second court-ordered 30(b)(6) deposition, as the Federal Rules explicitly require. *See* Fed. R. Civ. Pro. 26(e)(1)(A).

Assuming, *arguendo*, this counsel-prepared script were a Rule 26 disclosure by Zeikos (it is not), the Seventh Circuit has affirmed sanctions for simply not timely complying with Rule 26. *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 766 (7th Cir. 2020) ("Complying [with Rule 26] should be a priority— not something brushed off as tedious or unimportant so long as the information disclosed late can somehow be unearthed…Parties who do not attend diligently to their obligation to supplement initial disclosures proceed at their own peril. Banking on principles of harmless error to excuse negligence is risky business."); *see also*, *Hagen v. BeneTek, Inc.*, 714 F. Supp. 3d 1075, 1090 (E.D. Wis. 2024) ("it is Defendant's own obligation to prove its damages appropriately; it is not Plaintiff's responsibility to repeatedly prod Defendant to do so"; granting motion *in limine* regarding damages testimony) (citing *Assaf v. Trinity Med. Ctr.*, 821 F.3d 847, 848 (7th Cir. 2016)); *Olivet Baptist Church v. Church Mut. Ins. Co.*, No. 13-cv-1625, 2015 WL 765715, at *14 (N.D. Ill. Jan. 7, 2015),

*report and recommendation adopted*, No. 13-cv-1625, 2015 WL 764051 (N.D. Ill. Feb. 23, 2015) (barring plaintiff from "offering any new evidence related to damages to the Property and the cause of those damages that it has not already produced during discovery…given the failure to disclose such damages in a timely fashion" where plaintiff failed to provide requested information in its sixth supplemental interrogatory response).

Walgreen is correct that Zeikos's conduct here is made worse because it follows repeated orders that Zeikos produce a properly-prepared 30(b)(6) witness and also comes after Chief Judge Kendall struck counsel's prior attempt to insert itself and its analysis as a witness/expert substitute.[7] The Court finds sanctions more than appropriate here. Fed. R. Civ. P. 37(b)(2)(A) provides: "If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." As the Court warned Zeikos before, "[t]he failure to produce an educated Rule 30(b)(6) designee is tantamount to a failure to appear and warrants the imposition of sanctions under Rule 37(d)…" [Dkt. 236 at 2 (citing *Hunter v. WirelessPCS Chicago LLC*, No. 18-cv-980, 2021 WL 4621889, at *10 (N.D. Ill. Oct. 5, 2021); *see also*, *Neurontin*, 2011 WL 253434 at *10.]

Walgreen seeks sanctions under both 37(b) and 37(d). [Dkt. 297 at 11-12.] Appropriate sanctions include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing

---

7    For example, the script at issue here refers to what unspecified evidence "has shown," but Ms. DeFreese could not answer when asked to identify that evidence; when asked about references in the script to what "discovery has shown," Ms. DeFreese testified she had not reviewed the underlying documents but simply took counsel's word for it. [Dkt. 296-8 at 313:10-15.] She admitted she did no independent investigation of Zeikos's damages by reviewing any underlying documentation. [*Id.* at 313:22-314:8.] While Zeikos admits its counsel's script read by Ms. DeFreese could not be used at trial [*see* Dkt. 301 at 13 and the transcript of the October 2, 2025 oral arguments in this matter], it does not identify any witness who could or will testify on what it states. Zeikos ignores entirely that the script depends upon its counsel's analysis of Walgreen's business records that Chief Judge Kendall explicitly struck. [*See* Dkt. 279 at 5-6 (striking Zeikos's counsel's affodavot, concluding that Zeikos's counsel "lacks personal knowledge of these documents," "could not authenticate them at trial," and that counsel further could not prepare "summaries" of documents about which he could not lay a foundation).]

> party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FRCP 37(b)(2)(A)(i)-(vii); FRCP 37(d)(3) (stating that sanctions pursuant to Rule 37(d) may include those sanctions listed at 37(b)(2)(A)(i)-(vi)).[8] Walgreen asks that the sanction here be to limit Zeikos's evidence on damages to what it was ordered to produce: that is, the direct testimony of Ms. DeFreese, its corporate representative. This would mean striking PX 578 and ordering that Zeikos cannot rely upon the script counsel prepared (PX 578), the contents thereof,[9] or DeFreese's recitation of that script. The Court agrees this is an appropriate sanction.

**Thus, the Court recommends that Walgreen's Motion for Sanctions [Dkt. 294] be granted and that the district judge (1) strike the portion of Lindsey DeFreese's testimony in which she reads PX 578 [Dkt. 296-8 at 286:15-311:25]; (2) bar Zeikos's reliance in this case on PX578 or the contents thereof; and (3) limit Zeikos's evidence on damages to what is disclosed in Zeikos's third Rule 26 disclosures and Ms. DeFreese's direct testimony.**

As to Zeikos's "errata" sheet to Ms. DeFreese's deposition, the substantive changes to her deposition testimony contained thereon are plainly improper. While Zeikos has classified the substantive re-writes to Ms. DeFreese's testimony as a mere "clarification" [Dkt. 301-4 (last two pages)], this errata plainly falls within the "sham affidavit" rule. *See Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) (per sham affidavit rule, a witness cannot rely upon an errata

---

[8]    Moreover, because Zeikos's corporate witness's "recit[ation] of counsel's compilation of information…is tantamount to a failure to appear" *Neurontin*, 2011 WL 253434 at *10, Rule 37(b) sanctions are appropriate in and of themselves.

[9]    Much was made of "the contents thereof" phrase, particularly during oral arguments on this Motion. After careful consideration of this nuance, for the reasons detailed above with respect to the prepared script not properly being a Rule 26(a) disclosure by Zeikos, the Court agrees with Walgreen that Zeikos should not be allowed to rely on either PX578 itself nor on the contents of PX578.

sheet that contradicts her earlier testimony). The Court cannot allow these substantive changes to stand.[10] **Thus, the Court also recommends that the two errata sheet changes classified as "clarification[s]" to testimony on page 249 of Ms. DeFreese's testimony be stricken. [*See* Dkt. 301-4 (last two pages).]**

Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. Pro 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. *Id*. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. *Id*.

**ENTERED: October 23, 2025**

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge

---

[10] This ruling holds true for the two changes to page 249 of Ms. DeFreese's deposition classified as "clatification[s]". [Dkt. 301-4 (last two pages).] Because it was not present at the deposition, the Court cannot tell at this juncture whether any of the other changes on the errata sheet are true transcription errors or whether this is Zeikos attempting to classify them as such. Walgreen may ask the Court to revisit Zeikos's other changes on the errata sheet to Ms. DeFreese's deposition at a later juncture if necessary.