**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ZEIKOS, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 23 C 303 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| WALGREEN, CO., | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Zeikos, Inc. ("Zeikos"), an importer-distributor of electronic accessories, sued Defendant Walgreen, Co. ("Walgreen"), a subsidiary of the retail pharmacy company Walgreens Boots Alliance, Inc. ("WBA"), after the parties' 2019 business dealings broke down. The matter was referred to Magistrate Judge Holleb Hotaling for discovery motions and supervision. Following a back-and-forth dispute over a deposition issue, Magistrate Judge Hollen Hotaling issued a Report and Recommendation ("R&R") on Walgreen's request for sanctions. (Dkt. 321). Zeikos objects to that R&R. (Dkt. 331). For the reasons below, the Court overrules Zeikos's Objection to the Magistrate Judge's recommendations [331] and adopts the R&R in full [321].

## BACKGROUND

The R&R provides a fulsome overview of the events that led up to the recommendation for sanctions. (Dkt. 321). Key to that sequence was this Court's July 2025 affirmation of the Magistrate Judge's order that Zeikos prepare for a second 30(b)(6) deposition after the first proved insufficient under the terms of the Federal Rules. (Dkt. 292 at 5–6). During the cross-examination portion of the second 30(b)(6) deposition, Zeikos' counsel had the witness—assistant account manager Lindsey DeFreese—read a prepared script into the record as her testimony, referred to in the report as "PX 578." (Dkt. 321 at 2). Zeikos' counsel also provided an errata sheet following

1

the deposition that the Magistrate Judge determined contained substantive changes to the testimony. (*Id.* at 2–3).

Following full briefing and oral argument on the issue, the Magistrate Judge recommended that this Court grant Walgreen's Motion for Sanctions, (1) striking the portion of DeFreese's testimony in which she reads PX 578; (2) barring Zeikos's reliance in this case on PX578 or the contents thereof; and (3) limiting Zeikos's evidence on damages to what is disclosed in Zeikos's third Rule 26 disclosures and Ms. DeFreese's direct testimony. (Dkt. 321 at 9). The Magistrate Judge also recommended that the two errata sheet changes classified as "clarification[s]" to testimony on page 249 of Ms. DeFreese's testimony be stricken. (*Id.* at 10).

## LEGAL STANDARD

Section 636(b)of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) govern this Court's review of magistrate judge decisions. A magistrate judge can hear and determine any nondispositive pretrial matter, as well as provide proposed findings and recommendations on dispositive matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "Rule 72 distinguishes the magistrate judge determined matters that will receive de novo or clear error review by whether the matter is dispositive or nondispositive." *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996) (dealing with Rule 11 sanctions and deeming them dispositive).

"The Seventh Circuit has never squarely addressed whether a magistrate judge, on a referral from the district judge to manage discovery, can order Rule 37 attorney's fees and costs, as opposed to only issuing a report and recommendation," leading to a split among district and magistrate judges in the Seventh Circuit on this issue. *See Cage v. Harper*, 2020 WL 1248685, at *1–13 (N.D. Ill. Mar. 16, 2020) (collecting cases and expounding on the split). Nonetheless, the

2

"First, Second, Fourth, Fifth, Ninth, and Tenth Circuits" have held that a magistrate judge has the power to award fees and costs under Rule 37." *Id.* at 18.

The Court agrees with the thorough analysis in *Cage v. Harper* as to why the issuance of Rule 37 monetary sanctions is a nondispositive matter over which a magistrate judge has authority, joining a number of recent district court decisions to do so. *See, e.g.*, *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd*, 2025 WL 3286632, at *3 (N.D. Ill. July 17, 2025) (Valderrama, J.); *Pable v. Chicago Transit Auth.*, 2024 WL 3688708, at *11 n.13 (N.D. Ill. Aug. 7, 2024) (Gettleman, J.). Even so: this Court will join other courts in this district to simultaneously analyze the R&R under the *de novo* standard "given the law's relative uncertainty in this area, and because the Court concludes its disposition would not change upon *de novo* review."[1] *Promier Prods., Inc. v. Orion Cap. LLC*, 2023 WL 8868781, at *5 (N.D. Ill. Dec. 22, 2023) (Jenkins, J.). In doing so, the Court "reviews only those portions of the Report and Recommendation to which timely objections are made and 'is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.' " *See Magee v. Portfolio Recovery Assocs., LLC*, 2015 WL 13956010, at *1 (N.D. Ill. May 12, 2015) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).

## DISCUSSION

This is not the first time this Court has been faced with a controversy over Zeikos' 30(b)(6) testimony. In July 2025, this Court affirmed the Magistrate Judge's order that Zeikos prepare for a second 30(b)(6) deposition after Zeikos presented a representative wholly unrelated to the corporate entity. (Dkt. 292 at 5–6). Today's dispute stems from that second deposition.

Walgreens came to the Magistrate Judge in pursuit of sanctions after two developments in the DeFreese 30(b)(6) deposition. Following Walgreen's direct examination of DeFreese, Zeikos

---

[1] Further, Walgreens, in responding to Zeikos' Objection, only argues for *de novo* review. (Dkt. 365 at 7).

3

asked DeFreese to read a 14-page script prepared by its counsel, consuming 25 pages of transcript and taking over 30 minutes to read. (Dkt. 321 at 2). The Magistrate Judge found that Zeikos' counsel acknowledged preparing the script, answering in the affirmative when Walgreen's counsel contended that Zeikos was using the script to substitute for testimony. (*Id.* at 2). After a full review of the record, the Magistrate Judge found this behavior sanctionable as a violation not only of this Court's prior order that Zeikos provide a properly prepared witness (Dkt. 292), but also this Court's prior order striking Zeikos's counsel's prepared summary documents about which he could not lay a proper foundation. (Dkt. 279 at 5-6).

The second event came after the deposition itself. Zeikos's counsel completed an errata sheet that the Magistrate Judge found to amount to substantive changes despite counsel's attempts to frame them as mere clarifications. (Dkt. 321 at 9). DeFreese testified that "Walgreens was compliant with 1,181 stores. So, it would be the difference between the 5,000 and the 1,181 stores would give you the total number of stores that were not compliant -- non-compliant during that time." (Dkt. 321 at 3 (citing Dkt. 296-8 at 249:17-22)). The errata sheet changed the testimony to: "Walgreens was compliant with 1,181 stores **months**. So it would be the difference between the **45,000** and the 1,181 stores months would give you the total number of stores that were not compliant -- non-compliant during that time." (*Id.* citing (Dkt. 301 at Ex. C. (additions in bold))).

Zeikos' arguments relate to both incidents, contending that sanctions are unwarranted on these facts. After reviewing the record, the Court overrules the Objection in full. (Dkt. 331).

I.      **The Reading of the PX 578 Script**

a.  **Applicability of Federal Rules**

Zeikos makes two unpersuasive arguments on the terms of the Federal Rules. Zeikos generally gestures at Rule 61's harmless error rule to argue that Walgreen could not have been

prejudiced—and thus no sanctions are justified—because Walgreen has already moved for summary judgment. (Dkt. 331 at 4). Yet this argument stands at odds with the language of Rule 37(b) and 37(d) as well as the Court's "inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it . . . [including] appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775–76 (7th Cir. 2016). Similarly disposable are Zeikos' arguments about Rule 37(d) sanctions. Zeikos cites *Evans* for the principle that 37(d)'s language about sanctions where a party "fails . . . to appear" applies only "where a party literally fails to show up." *Evans v. Griffin*, 932 F.3d 1043, 1045 (7th Cir. 2019). But *Evans* goes on to acknowledge that it was not addressing "the functional difference between a failure physically to show up and a refusal to say a word." *Id.* at 1045–46; *see also* (Dkt. 292). Further, the Magistrate Judge also made her recommendation under Rule 37(b), which applies where a litigant fails to comply with a court order—or, in this case, two court orders. Thus, Zeikos' short arguments on these grounds do not justify a change of course.

### b. Requirements of 30(b)(6) Obligations

Zeikos next argues that to respond to Topic 16, addressing the bases and calculation of Zeikos' claimed damages in this case, only the "direct knowledge of Zeikos's counsel" would elucidate "(ii) documents or depositions Walgreen produced through discovery, (iii) the law, and (iv) an application of the law to the facts." (Dkt. 331 at 7). That is not the relevant question. Rule 30(b)(6) depositions are "substantially different from individual depositions because the witness must be prepared to testify not only regarding matters within his own personal knowledge, but as to matters within the knowledge of the entity as a whole." *Trs. of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, 2023 WL 415542, at *2 (N.D. Ill. Jan. 25, 2023).

Instead, the question is whether it was appropriate for Zeikos to provide its representative with a script to read into the record.

The purpose of the 30(b)(6) witness is to provide insights into the workings of the entity, whether that be the structure, the roles of various employees, the mechanisms in place at the time regarding the issue in dispute. An attorney should have an opportunity to question the 30(b)(6) witness in the fashion she believes is appropriate to reach the information that she seeks. Eliminating the question-and-answer method of a deposition deflates that process into a written interrogatory response as opposed to oral testimony. By providing a transcript to the 30(b)(6) witness, Zeikos avoided the oral discovery process and violated this Court's order to provide a witness with knowledge of the workings of the entity. There was no way for Walgreens to check the knowledge of the 30(b)(6) witness if that witness merely read from a script. This violates the Court's order.

Lastly,[2] Zeikos points to two cases already addressed in the Magistrate Judge's R&R to support its position that it should not be punished for a deposition resulting in a full disclosure of the information sought: *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 683, 688 (S.D. Fla.), *aff'd*, 310 F.R.D. 689 (S.D. Fla. 2015), and *In re Neurontin Antitrust Litig.*, 2011 WL 253434 (D.N.J. Jan. 25, 2011). The Court is persuaded by the R&R's rejection of these distinctions, and adopts that reasoning. (Dkt. 321 at 4–6). At bottom, "[c]ounsel for the corporate party cannot step in to fill a witness's head with knowledge that is otherwise lacking." *Medline Indus., Inc. v. Wypetech, LLC*, 2020 WL 6343089, at *4 (N.D. Ill. Oct. 29, 2020) (noting that "courts have uniformly held that an attorney has no right to confer with his or her client while a deposition

---

[2] Zeikos' gestures at Walgreen's alleged discovery failures have no impact on this matter. (Dkt. 331 at 11).

question is pending for the purpose of helping the client to formulate their answer to the question" and collecting cases).

### c. Zeikos' Contention That Sanctions Would Suppress Timely Disclosures

Finally, Zeikos attempts to construe the PX 578 script as a timely disclosure. (Dkt. 331 at 11). As the Magistrate Judge identified, though, the Seventh Circuit has affirmed sanctions for not complying with the timely requirements of Rule 26. *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 766 (7th Cir. 2020) ("Complying should be a priority—not something brushed off as tedious or unimportant so long as the information disclosed late can somehow be unearthed like a needle in a haystack within a prior discovery production."). More on point, though, is that PX 578 did not amount to a Rule 26 disclosure at all: "Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served." Fed. R. Civ. P. 26

Zeikos asserts that it would not attempt to "rely upon the deposition testimony of Ms. DeFreese concerning Topic 16, or offer PX 578, for their truth because Ms. DeFreese has no personal knowledge on that topic and PX 578 would be hearsay." (Dkt. 331 at 11). This accords with the first two types of relief that the Magistrate Judge recommended, "strik[ing]the portion of Lindsey DeFreese's testimony in which she reads PX 578 [Dkt. 296-8 at 286:15-311:25]; (2) bar[ring] Zeikos's reliance in this case on PX578 or the contents thereof." (Dkt. 321 at 9). Zeikos argues that it should not have to surrender its rights if Walgreen were to use the deposition offensively, (Dkt. 331 at 12), but that argument is irrelevant where PX 578 is stricken in its entirety. Zeikos can refer to its actual evidence and other deposition testimony to the extent necessary, but it cannot unduly benefit from reading this improper document into the record.

Zeikos focuses its concerns on the third recommended relief—limiting "Zeikos's evidence on damages to what is disclosed in Zeikos's third Rule 26 disclosures and Ms. DeFreese's direct

testimony." (Dkt. 321 at 9). Specifically, Zeikos identifies concerns about whether this provision would "suppress evidence that: (i) Zeikos disclosed to Walgreen long ago; (ii) Walgreen produced, and which Zeikos had no knowledge about except through discovery; (iii) Zeikos uses to rebut Walgreen's contentions on Zeikos's damages; (iv) Walgreen did not ask about on direct examination at the deposition; and/or (v) is relevant to both Zeikos's damages, such as Walgreen's impossibility defense, and Walgreen's counterclaims?" (Dkt. 331 at 13). Zeikos suggests that the Court would be "burden[ed] . . . for no purpose" to leave these issues to pre-trial resolution. (Dkt. 331 at 14). Yet there is a "general principle that evidentiary rulings related to relevance are best deferred until trial so that they can be resolved in the proper context," *see Sec. & Exch. Comm'n v. Ferrone*, 163 F. Supp. 3d 549, 563 (N.D. Ill. 2016), and the Court finds the third recommended sanction appropriate given the scope of Zeikos' violation during the deposition.

## II.      The Errata Sheet

Finally, Zeikos takes issue with the Magistrate Judge's treatment of the errata sheet. The relevant portion of the transcript is as follows:

> "There was information in a report that was supplied from Walgreens, I believe it was entitled "Store Months," which provided a snapshot of one day in the month that was used to determine when and -- when Walgreens was compliant with the contract. And using that particular document, it was determined that for nine months multiplied by 5,000 stores, Walgreens should have been compliant for 45,000 store months. And through an analysis that was done, it determined that during that time, Walgreens was compliant with 1,181 stores. So it would be the difference between the 5,000 and the 1,181 stores would give you the total number of stores that were not compliant -- non-compliant during that time."

(Dkt. 301-4 at 249:3-14).

The errata sheet changed the testimony to: "Walgreens was compliant with 1,181 stores **months**. So it would be the difference between the **45,000** and the 1,181 stores months would give you the total number of stores that were not compliant -- non-compliant during that time." (Dkt. 321 at 3 citing (Dkt. 301 at Ex. C. (additions in bold))).

8

Zeikos cites one case for the argument that counsel should be permitted to make this change under Rule 30(e)(1)(B). That case, however, held that "that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription." *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000). Zeikos' proposed modifications cannot be reasonably construed as such because they directly contradict the testimony. Nonetheless, just as in *Thorn*, Zeikos could "explain what [the testimony] meant, and it would be for the jury to decide whether the explanation was truthful. [But Zeikos] could not remove the issue from the jury by altering the transcript of [the] deposition." *Id.* That is not the thrust of Rule 30(e)(1)(B).

**CONCLUSION**

For the reasons above, the Court overrules Zeikos's Objection to the Magistrate Judge's order [331] and adopts the R&R in full [321]. Walgreen's Motion for Sanctions [Dkt. 294] is granted: (1) the portion of Lindsey DeFreese's testimony in which she reads PX 578 is stricken [Dkt. 296-8 at 286:15-311:25]; (2) Zeikos is prohibited from relying in this case on PX578 or the contents thereof; and (3) Zeikos's evidence on damages is limited to what is disclosed in Zeikos's third Rule 26 disclosures and Ms. DeFreese's direct testimony. The two errata sheet changes classified as "clarification[s]" to testimony on page 249 of Ms. DeFreese's testimony are stricken. [See Dkt. 301-4 (last two pages)].

_____
Virginia M. Kendall
United States District Judge

Date: April 1, 2026